UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JON PEARSON and ROBERT LEMKE,                    20 cv 2914 (CS) (PED)

              Plaintiffs                 **VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS**

    -against-                                           (Trial by Jury Demanded)

MILL CREEK RESIDENTIAL TRUST, LLC,
MCRT INVESTMENTS, LLC,
MCRT NORTHEAST CONSTRUCTION, LLC
WATER GRANT STREET, LLC,
MILL CREEK CONSTRUCTION CORP.,
MAC-LAD CORP. and ALLEN BLVD INTERIORS, INC.,

             Defendants
------------------------------------------------------------------X

      **PLEASE TAKE NOTICE,** that the above-named Defendants, MILL CREEK RESIDENTIAL TRUST, LLC, MCRT NORTHEAST CONSTRUCTION, LLC, WATER GRANT STREET, LLC, and ALLEN BLVD INTERIORS, INC., (hereinafter referred to collectively as "Answering Defendants") hereby appear in this action and that the undersigned has been retained as attorney for said Answering Defendants and demand that you serve all papers in this proceeding upon them at the address stated below.

      **PLEASE TAKE FURTHER NOTICE** that, upon information and belief, Answering Defendants hereby interpose the following answer and affirmative defenses to the plaintiffs' complaint:

## ANSWERING "NATURE OF THE CASE"

      **FIRST**:    Answering Defendants deny having knowledge and information sufficient to form a belief as to the allegation(s) contained in paragraph "1" and respectfully refer all questions of law to this Honorable Court.

1

## ANSWERING "JURISDICTION AND VENUE"

**SECOND**: Answering Defendants deny having knowledge and information sufficient to form a belief as to the allegation(s) contained in paragraph "2" and respectfully refer all questions of law to this Honorable Court.

**THIRD**: Answering Defendants admit each and every allegation contained in paragraph "3" and respectfully refer all questions of law to this Honorable Court.

**FOURTH**: Answering Defendants deny each and every allegation contained in paragraph "4" and respectfully refer all questions of law to this Honorable Court.

## ANSWERING "THE PARTIES"

**FIFTH**: Answering Defendants deny having knowledge and information sufficient to form a belief as to the allegation(s) contained in paragraphs "5", "6", "11", "19","20", "21", "22", "23", "24" and "27" and respectfully refer all questions of law to this Honorable Court.

**SIXTH**: Answering Defendants admit each and every allegation contained in paragraphs "7", "8", "14" "16", "17" and "26" of Plaintiffs' Complaint.

**SEVENTH**: Answering Defendants admit each and every allegation contained in paragraphs "9", "10", "12", "15","18" and "25" and respectfully refer all questions of law to this Honorable Court.

**EIGHTH**: Answering Defendants deny each and every allegation contained in paragraph "13" except admit that on October 10, 2017 MCRT NORTHEAST CONSTRUCTION, LLC was and still is a limited liability company organized and existing by virtue of the laws of the State of Delaware.

## ANSWERING "COMMON TO ALL PLAINTIFFS' CLAIMS FOR RELIEF"

**NINTH**: Answering Defendants deny having knowledge and information sufficient to form a belief as to the allegation(s) contained in paragraphs "28", "29", "30", "31", "32", "33", "34", "35", "36" ,"37", "39", "40", "41", "42", "44", "45', "46", "47", "56", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "79", "81", "82", "83", "84", "85", "86", "87", "88", "89", "90", "91", "97", "98", "99", "100" and "101" and respectfully refer all questions of law to this Honorable Court.

**TENTH**: Answering Defendants deny each and every allegation contained in paragraph "38" except admit that on October 10, 2017 WATER GRANT STREET, LLC had an ownership or leasehold interest in 20 Water Grant Street, Yonkers, NY and respectfully refer all questions of law to this Honorable Court.

**ELEVENTH**: Answering Defendants deny each and every allegation contained in paragraph "43" except admit that on and before October 10, 2017, building construction activities were taking place at the Premises.

**TWELFTH**: Answering Defendants deny each and every allegation contained in paragraphs "48", "49" and "52" except to admit that on or prior to October 10, 2017 MCRT NORTHEAST CONSTRUCTION, LLC agreed to perform work and services at 20 Water Grant Street, Yonkers New York and respectfully refer all questions of law raised thereby to this Honorable Court.

**THIRTEENTH:** Answering Defendants deny each and every allegation contained in paragraphs "50", "51", "57", "58", "59", "61", "62", "93", "94", "95" and "96" and respectfully refer all questions of law to this Honorable Court.

**FOURTEENTH**: Answering Defendants deny having knowledge and information sufficient to form a belief as to the allegation(s) contained in paragraphs "53", "77" and "80" of Plaintiffs' Complaint.

**FIFTEENTH**: Answering Defendants deny each and every allegation contained in paragraph "54" except to admit that on October 10, 2017 MCRT NORTHEAST CONSTRUCTION, LLC provided management services relating to the construction taking place at 20 Water Grant Street Yonkers, New York and respectfully refer all questions of law to this Honorable Court.

**SIXTEENTH**: Answering Defendants deny each and every allegation contained in paragraph "55" except to admit that on October 10, 2017 MCRT NORTHEAST CONSTRUCTION, LLC provided management services relating to the construction taking place at 20 Water Grant Street Yonkers, New York, and respectfully refer all questions of law to this Honorable Court.

**SEVENTEENTH**: Answering Defendants admit each and every allegation contained in paragraph "60" and "78" of the Plaintiffs' Complaint.

**EIGHTEENTH:** Answering Defendants deny each and every allegation contained in paragraph "92" of the Plaintiffs' Complaint.

**ANSWERING PLAINTIFFS' FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS MILL CREEK RESIDENTIAL TRUST LLC, MCRT NORTHEAST CONSTRUCTION, LLC, and WATER GRANT STREET, LLC**

**NINETEENTH**: Answering paragraph "102" of the Plaintiffs' complaint, Answering Defendants repeat and reiterate each and every denial heretofore made in regard to each and every paragraph of the Plaintiffs' complaint, designated as paragraphs "1" through "101" inclusive with the same force and effect as though more fully set forth at length herein.

**TWENTIETH**: Answering Defendants deny having knowledge and information sufficient to form a belief as to the allegation(s) contained in paragraph "103" and respectfully refer all questions of law to this Honorable Court.

**TWENTY-FIRST**: Answering Defendants deny each and every allegation contained in paragraphs "104", "105, "106" and "107" and respectfully refer all questions of law to this Honorable Court.

**ANSWERING PLAINTIFFS' SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS MILL CREEK RESIDENTIAL TRUST LLC, MCRT NORTHEAST CONSTRUCTION, LLC, and WATER GRANT STREET, LLC**

**TWENTY-SECOND:** Answering paragraph "108" of the Plaintiffs' complaint, Answering Defendants repeat and reiterate each and every denial heretofore made in regard to each and every paragraph of the Plaintiffs' complaint, designated as paragraphs "1" through "107" inclusive with the same force and effect as though more fully set forth at length herein.

**TWENTY-THIRD:** Answering Defendants deny having knowledge and information sufficient to form a belief as to the allegation(s) contained in paragraphs "109", "113","114", "115", "116", "117", "118", "119", "120", "121" and "122" and respectfully refer all questions of law to this Honorable Court.

**TWENTY-FOURTH:** Answering Defendants deny each and every allegation contained in paragraphs "110", "111", "112", "123", "124", "125", "126", "127", "128", and "129" and respectfully refer all questions of law to this Honorable Court.

**ANSWERING PLAINTIFFS' THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS MILL CREEK RESIDENTIAL TRUST LLC, MCRT NORTHEAST CONSTRUCTION, LLC, and WATER GRANT STREET, LLC**

**TWENTY-FIFTH:** Answering paragraph "130" of the Plaintiffs' complaint, Answering Defendants repeat and reiterate each and every denial heretofore made in regard to

each and every paragraph of the Plaintiffs' complaint, designated as paragraphs "1" through "129" inclusive with the same force and effect as though more fully set forth at length herein.

**TWENTY-SIXTH:**   Answering Defendants deny each and every allegation contained in paragraphs "131", "132", "133", "134", "135", "136", "137", "139", "140", "141", "142", "143" and "144" of the Plaintiffs' Complaint.

**TWENTY-SEVENTH:** Answering Defendants deny having knowledge and information sufficient to form a belief as to the allegation(s) contained in paragraph "138" and respectfully refer all questions of law to this Honorable Court.

### ANSWERING PLAINTIFFS' FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS MILL CREEK RESIDENTIAL TRUST LLC, MCRT NORTHEAST CONSTRUCTION, LLC, and WATER GRANT STREET, LLC

**TWENTY-EIGHTH:** Answering paragraph "145" of the Plaintiffs' complaint, Answering Defendants repeat and reiterate each and every denial heretofore made in regard to each and every paragraph of the Plaintiffs' complaint, designated as paragraphs "1" through "144" inclusive with the same force and effect as though more fully set forth at length herein.

**TWENTY-NINTH:**   Answering Defendants deny each and every allegation contained in paragraphs "146", "147", "148", "149", "150", "151", "152", "153", "154", "155", "156" and "157" of the Plaintiffs' Complaint.

### ANSWERING PLAINTIFFS' FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT MAC-LAD CORP.

**THIRTIETH:** Answering paragraph "158" of the Plaintiffs' complaint, Answering Defendants repeat and reiterates each and every denial heretofore made in regard to each and every paragraph of the Plaintiffs' complaint, designated as paragraphs "1" through "157" inclusive with the same force and effect as though more fully set forth at length herein.

**THIRTY-FIRST:**    Answering Defendants deny having knowledge and information sufficient to form a belief as to the allegation(s) contained in paragraph "159", "160", "161",

"162", "163", "164", "165", "166", "167", "168", "169", "170", "171", "172", "173", "174", "175", "176", "177", "178", "179" and respectfully refer all questions of law to this Honorable Court.

**THIRTY-SECOND:** Answering Defendants deny each and every allegation contained in paragraphs "180" and "181" of the Plaintiffs' Complaint.

### ANSWERING PLAINTIFFS' SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT ALLEN BLVD INTERIORS, INC.

**THIRTY-THIRD:** Answering paragraph "182" of the Plaintiffs' complaint, Answering Defendants repeat and reiterate each and every denial heretofore made in regard to each and every paragraph of the Plaintiffs' complaint, designated as paragraphs "1" through "181" inclusive with the same force and effect as though more fully set forth at length herein.

**THIRTY-FOURTH:** Answering Defendants deny each and every allegation contained in paragraphs "183" and "184" except to admit that on or prior to October 10, 2017 ALLEN agreed to perform certain construction work at 20 Water Grant Street Yonkers New York and respectfully refer all questions of law raised thereby to this Honorable Court and triers of fact at the trial of this action.

**THIRTY-FIFTH:** Answering Defendants deny each and every allegation contained in paragraphs "185", "186", "187", "188" "190", "191", "192", "193", "194", "195", "196", "197", "198" and "199" of the Plaintiffs' Complaint and respectfully refer all questions of law to this Honorable Court.

**THIRTY-SIXTH:** Answering Defendants deny having knowledge and information sufficient to form a belief as to the allegation(s) contained in paragraph "189" and respectfully refer all questions of law to this Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

**THIRTY-SEVENTH:** That whatever injuries and/or damages were sustained by the plaintiffs at the time and place alleged in the complaint were in whole or in part the result of the plaintiffs' acts, omissions, culpable conduct, recalcitrance, failure to employ available safety devices, negligence, want of care, gross disregard of safety practices or assumption of risk and the amount of damages recovered, if any, must therefore be diminished in the proportion to the degree which said culpable conduct, attributable to plaintiffs, bears to the culpable conduct which caused said damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**THIRTY-EIGHTH:** If the plaintiffs incurred any damages alleged in the complaint, such injuries and/or damages were incurred solely and proximately caused by the acts or omissions of plaintiffs, without any wrongdoing on behalf of said Answering Defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**THIRTY-NINTH:** Upon information and belief, suitable and adequate safety equipment and work procedures were provided and available to the plaintiffs and plaintiffs were instructed on the manner in which to use such safety equipment and employ work procedures; but plaintiffs deliberately refused to avail themselves of such equipment and work procedures, and as such were recalcitrant workers.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**FORTIETH:** That if a Plaintiff has released any person liable or claimed to be liable in tort for the subject occurrence, then the answering defendant hereby plead and seek the full benefit of § 15-108 of the General Obligations Law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**FORTY-FIRST:** Should it be found that any Answering Defendant is liable to the plaintiffs herein, any such liability being specifically denied, then in the event the plaintiffs recover a verdict or judgment against the answering defendant, said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part. for any past or future claimed economic loss from any collateral source.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**FORTY-SECOND:** In the event either plaintiff has obtained a discharge in bankruptcy since the date of the alleged occurrence and disclosed he possessed causes of action alleged herein to the Bankruptcy Court, then that plaintiff's action must be dismissed because plaintiff lacks capacity to sue and is not a proper party in interest; and if either plaintiff has obtained a discharge in bankruptcy since the date of the alleged occurrence without disclosing that he possessed causes of action alleged herein to the Bankruptcy Court, that plaintiff's action must be dismissed under the doctrine of judicial estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**FORTY-THIRD:** The Labor Law is inapplicable because the occurrence alleged, if proven, was due to ordinary hazards of the workplace and not to the special hazards contemplated by the Labor Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

**FORTY-FOURTH**: Should it be found that any Answering Defendant is liable to the plaintiffs herein, any such liability being specifically denied, then the answering defendant alleges that if any damages are found, they are to be apportioned, pursuant to CPLR Section 1412, between and among the plaintiffs and the Answering Defendants, and codefendants or any

third-party defendants according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

**FORTY-FIFTH:** That if at the time of trial any of the issues herein have been determined by a Tribunal, Forum or Court of competent jurisdiction, then in that event plaintiffs will be estopped from re-litigating said issues.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

**FORTY-SIXTH:** In the event that a plaintiff is found to have been a general or special employee of any of the answering defendants then the plaintiff's action is barred by the exclusive remedy provisions of Sections 11 and 29(6) of the Workers' Compensation Law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

**FORTY-SEVENTH:** That plaintiffs' damages, if any, were proximately caused by an unforeseeable, unanticipated, independent intervening, and/or superseding event beyond the control of and unrelated to any conduct of the answering defendants.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

**FORTY-EIGHTH:** Should it be found that any Answering Defendant is liable to the plaintiffs herein, any such liability being specifically denied, and Defendant's share of liability is fifty percent (50%) or less the total liability assigned to all persons or entities liable then, pursuant to Section 1601 of the CPLR, the liability of the answering Defendant to the plaintiff for non-economic loss shall not exceed the answering Defendant's equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

**FORTY-NINTH:**  Should it be found that any Answering Defendant is liable to the plaintiffs herein, any such liability being specifically denied, then in the event plaintiffs recover a verdict or judgment against the answering defendant, the answering defendant demands that CPLR Article 50-B be applied to said verdict or judgment.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

**FIFTIETH:**  Upon information and belief plaintiffs have failed to take reasonable steps to avoid, minimize, mitigate and/or otherwise act to lessen the injuries and/or damages alleged.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST THE CO-DEFENDANTS MILL CREEK CONSTRUCTION CORP. AND MAC-LAD CORP., THE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

**FIFTY-FIRST:**        That if the plaintiffs were caused to sustain personal injuries and resulting damages at the time and place set forth in the Complaint and in the manner alleged therein, then the said injuries and damages arose out of the carelessness, recklessness, acts, omissions, negligence and breaches of duty, and/or obligations, and/or statute, and/or warranty, and/or contract of the Co-Defendant(s) against whom this Crossclaim is pleaded, with indemnification and save harmless agreement, and without any breaches or any negligence of the Answering Defendants Crossclaim contributing thereto, and if a judgment or verdict is rendered against the Answering Defendant(s), in that event the said Co-Defendant(s) against whom this Crossclaim is pleaded will be liable over to the Answering Defendant(s) and bound to fully defend, indemnify and hold harmless the Answering Defendants for the full amount of any verdict or judgment that the Plaintiff(s) herein may recover against the Answering Defendants.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST THE CO-DEFENDANTS MILL CREEK CONSTRUCTION CORP. AND MAC-LAD CORP., THE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

**FIFTY-SECOND:** That prior to the date of the incident alleged by the Plaintiff(s) in this action, the Co-Defendants MILL CREEK CONSTRUCTION CORP., and MAC-LAD CORP. agreed to purchase, procure and maintain a policy of liability insurance providing insurance coverage to the Answering Defendants concerning the damages and loss claimed by the Plaintiffs in the action.

**FIFTY-THIRD:** That if the Plaintiffs recover a judgment herein against the Answering Defendants, then the Defendants MILL CREEK CONSTRUCTION CORP., and MAC-LAD CORP., shall be obligated to pay such judgment or reimburse the Answering Defendants up to the amount of the insurance coverage the Defendants agreed to purchase, procure and provide to the Answering Defendants.

**FIFTY-FOURTH:** That if the Defendants MILL CREEK CONSTRUCTION CORP. and MAC-LAD CORP. breached an obligation to purchase, procure and maintain liability insurance providing coverage to the Answering Defendants, and if the Plaintiffs recover a judgment herein against the Answering Defendants, then the Answering Defendants will be damaged thereby and consequently the Defendants, MILL CREEK CONSTRUCTION CORP. and MAC-LAD CORP., will be liable to the Answering Defendants for resulting damage, including but not limited to the cost of defending the within action and the cost of maintaining and securing the Answering Defendants' coverage, including but not limited to premiums, and any premium increases.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST THE CO-DEFENDANTS MILL CREEK CONSTRUCTION CORP. AND MAC-LAD CORP., THE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

**FIFTY-FIFTH:** That if the Plaintiff was caused to sustain injuries and damages at the time and place set forth in the Complaint and in the manner alleged in the Complaint, said injuries and damages were caused by reason of the carelessness, recklessness and negligence and/or affirmative acts of omission or commission of the Co-Defendant(s) against whom this crossclaim is pleaded and if any judgment is recovered herein by Plaintiff(s) against the Answering Defendants asserting this crossclaim, the Answering Defendants will be damaged thereby and the Co-Defendant(s) against whom this crossclaim is pleaded will be responsible therefore and will be liable to indemnify and/or to contribute to the verdict or judgment recovered herein against the Answering Defendant(s) asserting this crossclaim. By reason of the foregoing, the Co-Defendant(s) against whom this crossclaim is pleaded on the basis of apportionment of responsibility for the alleged occurrence pursuant to Article 14 of the CPLR will be liable to contribute to the verdict or judgment recovered against the Defendant(s) asserting this crossclaim.

**WHEREFORE**, Answering Defendants MILL CREEK RESIDENTIAL TRUST, LLC, MCRT NORTHEAST CONSTRUCTION, LLC, WATER GRANT STREET, LLC, and ALLEN BLVD INTERIORS, INC. demand judgment dismissing the plaintiffs' complaint herein, and further demand judgment over and against the co-defendants MILL CREEK CONSTRUCTION CORP., and MAC-LAD CORP., for the amount of any judgment obtained against these Answering Defendants on the basis of apportionment of responsibility in such amounts as a jury or Court may direct, common-law indemnification, contractual indemnification and breach of contract, together with the costs and disbursements of this action.

## JURY DEMAND

The Answering defendants hereby demand a trial by jury of all issues so triable.

Dated: Garden City, New York
May 20, 2020

                                      Yours, etc.

                                      GERBER CIANO KELLY BRADY LLP

                                      *James P. Gilroy*
                                      JAMES P. GILROY (JG-3236)
                                      *Attorneys for Defendants*
                                      *MILL CREEK RESIDENTIAL TRUST, LLC*
                                      *MCRT NORTHEAST CONSTRUCTION, LLC,*
                                      *WATER GRANT STREET, LLC, and ALLEN*
                                      *BLVD  INTERIORS, INC.*
                                      1325 Franklin Avenue, Suite 540
                                      Garden City, NY 11530
                                      516.307.0990
                                      jgilroy@gerberciano.com
                                      GCKB File No. 1257.0016


TO:     EDELMAN & EDELMAN, P.C. Esqs.
          *Attorneys for Plaintiffs*
          61 Broadway, Suite 2220
          New York, New York 10006
          212.943.1200

          MCRT INVESTMENTS, LLC
          1999 Bryan St., Ste. 900
          Dallas, TX 75201

          MILL CREEK CONSTRUCTION CORP.
          114 Old Country Rd
          Mineola, NY 11501

          MAC-LAD CORP.
          4195 Middle Country Rd.
          Calverton, NY 11933