UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JON PEARSON and ROBERT LEMKE,                    20-CV-2914 (CS) (PED)

                Plaintiffs                **THIRD-PARTY**
                                            **COMPLAINT**

    *-against-*

MILL CREEK RESIDENTIAL TRUST, LLC,
MCRT INVESTMENTS, LLC,
MCRT NORTHEAST CONSTRUCTION, LLC
WATER GRANT STREET, LLC,
MILL CREEK CONSTRUCTION CORP.,
MAC-LAD CORP. and ALLEN BLVD INTERIORS, INC.,

                Defendants
-------------------------------------------------------------------X
MILL CREEK RESIDENTIAL TRUST, LLC,
MCRT NORTHEAST CONSTRUCTION, LLC
WATER GRANT STREET, LLC,
and ALLEN BLVD INTERIORS, INC.,

                Third-Party Plaintiffs

    *-against-*

K & M FIRE PROTECTION SERVICES, INC.

                Third-Party Defendant.
-------------------------------------------------------------------X

      Third-party plaintiffs **MILL CREEK RESIDENTIAL TRUST, LLC,**

**MCRT NORTHEAST CONSTRUCTION, LLC, WATER GRANT STREET,**

**LLC, and ALLEN BLVD INTERIORS, INC.**, by their attorneys, GERBER

CIANO KELLY BRADY, LLP, complaining of the third-party defendant(s),

respectfully alleges, upon information and belief, the following:

      1.      At all times hereinafter mentioned the defendant/third-party plaintiff,

MILL CREEK RESIDENTIAL TRUST, LLC. (hereinafter, "MILL CREEK

TRUST"), was and is a limited liability company duly organized and existing under

and by virtue of the laws of the State of Delaware, and authorized to conduct business in New York State.

2.      At all times herein after mentioned the defendant/third-party plaintiff MCRT NORTHEAST CONSTRUCTION LLC. ("MCRT NORTHEAST") was and is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, and authorized to conduct business in New York State.

3.      At all times hereinafter mentioned the defendant/third-party plaintiff, WATER GRANT STREET, LLC. (hereinafter, "WATER GRANT"), was and is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, and authorized to do business in New York State.

4.      At all times hereinafter mentioned the defendant/third-party plaintiff, ALLEN BLVD. INTERIORS, INC. (hereinafter, "ALLEN"), was and is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

5.      At all times hereinafter mentioned the third-party defendant K&M FIRE PROTECTION SERVICES, INC. (hereinafter, "K&M FIRE"), was and is a corporation duly organized and existing under and by virtue of the laws of the State of Connecticut.

6.      On or about April 8, 2020, a complaint was filed the commencing the within lawsuit seeking damages for bodily injuries against defendants/third party plaintiffs and others seeking a judgment for money damages based on alleged injuries to plaintiffs that allegedly occurred at the premises on October 10, 2017.   Copies of the complaint in the main action herein (the "*Pearson and Lemke* action") together with the answer served by defendants/third-party plaintiffs are annexed hereto as

Exhibit "A," without admitting the allegations of the complaint in the *Pearson and Lemke* action.

7.      Plaintiffs in the *Pearson and Lemke* action have alleged that the Court has jurisdiction over the subject matter of the action based on complete diversity of citizenship between the parties to the main action and the amount in controversy as alleged in plaintiffs' complaint, pursuant to 28 U.S.C. sec. 1332.  (Complaint, Exh. "A," par. 2—4).

8.      The Honorable Court's jurisdiction over this third-party impleader action is proper, based on complete diversity of citizenship of the parties in the main action, and based upon the Honorable Court's ancillary or supplemental jurisdiction, although plaintiffs Pearson and Lemke may share citizenship with third-party defendant.

9.      At all times mentioned herein and on or about March 16, 2016 third-party plaintiff MCRT NORTHEAST entered into a subcontract agreement with K&M FIRE under which K&M FIRE agreed to furnish and install plumbing, and/or heating systems in a premises being constructed at 20 Water Grant Street, Yonkers, N.Y. (the "Subcontract").  A true copy is annexed to this third-party complaint as Exhibit "B", and the third-party plaintiffs beg leave to refer to the Subcontract as if fully set forth herein.

10.      At all times mentioned herein and on October 10, 2017 the date of the occurrence which forms the subject matter of this litigation, the Subcontract was in full force and effect.

11.      Third-party defendant K&M FIRE entered upon the work to be performed pursuant to the Subcontract and was actively engaged in rendering services called for thereon on October 10, 2017 and prior thereto at the premises.

12.     The Subcontract expressly provides in part as follows:

*17.1 Insurance Requirements. Prior to commencement of Subcontractor's Work, Subcontractor shall execute the leased employee certification set forth in Exhibit F and the insurance requirements set forth in Exhibit E. Prior to commencement of Subcontractor's Work, Subcontractor shall furnish the insurance policies and coverages as set forth in Exhibits E and F and otherwise comply with the requirements as set forth in Exhibit E and F. Under no circumstances may Subcontractor begin Subcontractor's Work or enter the Project site until such required evidence of coverage has been received and is acceptable to Contractor.  All insurance to be provided by Subcontractor shall name Subcontractor as insured and YIDA and SFC H and I, LLC as an additional insureds, in addition to the additional insured requirements set forth in the Contract Documents ...*

13.     The Subcontract between MCRT NORTHEAST and K&M FIRE also

expressly provides in part as follows, at Exhibit E-1:

*Subcontractors/ Sub-subcontractors Insurance Requirements*

*Subcontractor shall at all times provide and maintain, and require its Sub-Subcontractors to provide and maintain, the following types and the following minimum limits of insurance, subject to the conditions and requirements also set forth below. None of the requirements contained herein, including but not limited to requirements relating to types and limits of coverage, are intended to and shall not in any manner limit, qualify, or quantify the liabilities and obligations assumed by the Subcontractor under this Subcontract Agreement or as otherwise provided by law.*

*A.     COVERAGE REQUIRED*

*1.a.     Commercial General Liability Insurance. Subcontractor shall provide and maintain commercial general liability insurance ("CGL ·Insurance") covering Bodily Injury, Personal and Advertising Injury, Property Damage and Products and Completed Operations. The CGL Insurance shall be provided on an occurrence-based coverage form at least as broad as the most recent edition of Commercial General Liability Coverage Form (CG 00 01) as published by the Insurance Services Office, Inc. ("ISO").*

*1.b.     Limits. Subcontractor shall maintain CGL Insurance, and, if necessary, commercial umbrella insurance (which complies with all the terms of this Exhibit) with limits of insurance of not less than the minimum limits set forth in the following table:*

4

*Type I (demolition, excavation, concrete piles, masonry, fire protection, asbestos abatement, framing, roofing, siding, plumbing, HVAC, elevators, waterproofing and electrical) $5,000,000 per occurrence ...*

*3.    Workers'    Compensation/Employers'    Liability Insurance. Subcontractor shall provide and maintain during the term of the Work, including any warranty periods, Workers' Compensation Insurance Coverage for all of Subcontractor's workers at the site of the Project, with statutorily required limits. In case any work is sublet, the Subcontractor shall require all Sub-Subcontractors similarly to provide Workers' Compensation insurance for all the latters' employees unless such employees are covered by the protection afforded by the Subcontractor, or, when applicable, Subcontractor has complied with the requirements for joint agreements with independent Subcontractors under applicable law. No "alternative" form of coverage, including self-insurance, will be accepted under any condition ("Occupational Accident and Excess Employers Indemnity Policies" are not acceptable.)*

*Additionally, Subcontractor shall maintain during the term of the Work Employers' Liability Coverage with limits of $1,000,000 Bodily Injury per Accident/Employee; $1,000,000 Bodily Injury per Disease/Employee; and $1,000,000 Policy limit by disease.*

14.    The Subcontract Agreement between MCRT NORTHEAST and

K&M FIRE also expressly provides in part as follows:

*18.1    Subcontractor's Indemnity. To the fullest extent permitted by the N.Y. Gen. Oblig. Law § 5-322.1, Subcontractor shall indemnify, defend, reimburse, save and hold harmless Contractor, Owner (and, to the extent required under commitments made by Owner or Contractor, other persons to whom Owner or Contractor is liable), Architect and other design professionals, YIDA, and SFC H and I, LLC from and against all liability, damage, loss, claims, demands, actions, cost and expenses (including but not limited to attorneys' fees and disbursements) and fines, penalties and other assessments or exactions, which arise out of or are connected with, or are claimed to arise out of or be connected with:*
*(a)    the performance of Subcontractor's Work by Subcontractor or any of its Sub- subcontractors or anyone for whose acts either is liable, or any act or omission, breach of contract or warranty, or any other improper conduct of Subcontractor or any of its Sub-subcontractors or anyone for whose acts either are liable;*
*(b)    any accident or occurrence which happens, or is alleged to have happened, in or about the place where Subcontractor's Work is being performed in the vicinity thereof while Subcontractor is performing Subcontractor's Work either directly or indirectly through*

*a Sub-subcontractor or others for whose acts either is liable, or while any of Subcontractor's property, equipment or personnel are in or about such place or the vicinity thereof by reason of or as a result of the performance of Subcontractor's Work;*

*(c)      the use, misuse, erection, maintenance, operation or failure of any machinery or equipment (including scaffolds, derricks, ladders, hoists, rigs, jigs, fixtures, rigging supports, temporary support structures, etc.) whether or not such machinery or equipment was furnished, rented or loaned by another person (including Contractor, another subcontractor or a separate contractor of Owner) to Subcontractor; or*

*(d)      failure of Subcontractor or any Sub-subcontractor or others for whose acts either is responsible to comply with any applicable federal, state and local laws, ordinances, rules, codes, regulations and requirements of all governmental and quasi-governmental authorities having jurisdiction over Subcontractor's Work.*

*(e)      failures of Subcontractor, or others for whom Subcontractor is responsible, to comply with any and all requirements of YIDA and SFC H and I, LLC, including, but not limited to, local employment and procurement requirements, audit and inspection rights of YIDA, and any other requirements necessary to effectuate the New York State sales and use tax exemptions set forth in Exhibit N.*

*Without limiting the generality of the foregoing Sections (18.1 (a) - (e)), and to the fullest extent permitted by N.Y. Gen. Oblig. Law § 5-322.1, such defense, reimbursement and indemnity includes all liability, damages, loss, claims, demands and actions on account of personal injury, death, property damage or property loss (including but not limited to loss of use and physical damage to the Project itself), both economic and noneconomic damages, to Contractor or Owner, or to other subcontractors or separate contractors of Owner, to other persons to whom Contractor or Owner are liable, to Architect or other design professionals, or to the respective employees, agents, sub subcontractors, licensees or invitees of any of them, or to any other person, all regardless of whether based upon, or claimed to be based upon, statutory, contractual, tort or other liability. Provided, however, such obligations of defense, reimbursement aud indemnity for damage arising out of bodily injury to persons or damage to property shall apply only to the extent of Subcontractor's negligence or the negligence of those for whom Subcontractor is legally liable. Such obligations of defense, reimbursement and indemnity, shall not apply to liability for damage arising out of bodily injury to persons or damage to property contributed to, caused by or resulting from the negligence of Contractor, its agents or employees or an indemnitee whether such negligence is in whole or in part.*

15.     The Subcontract including but not limited to the terms set forth above, was executed on behalf of K&M FIRE by one with the authority, express or implied, actual or apparent, to enter into such an agreement.

16.     Third-party plaintiffs performed all of the duties and obligations required of it pursuant to Subcontract.

17.     Plaintiffs in the *Pearson and Lemke* Action claim that the alleged occurrence was caused by negligence and/or violation of applicable safety requirements.

18.      Plaintiffs in the *Pearson and Lemke* action have alleged that they were acting in the course of employment with K&M FIRE at the time of the occurrence that is the basis of the *Pearson and Lemke* action.

## AS AND FOR A FIRST CAUSE OF ACTION

19.     Third-party plaintiffs repeat and reiterate each and every allegation contained in Paragraphs "1" through "18" hereof as if more fully set forth at length herein.

20.     At all times herein mentioned, pursuant to written agreement, third-party defendant K&M FIRE agreed to defend, indemnify and hold the third-party plaintiffs harmless from all damages and expenses, including legal expenses, and liability resulting from injuries arising out of or resulting from performance of the work contracted to be done by third-party defendant K&M FIRE and/or its subcontractors.

21.     The incident complained of by the plaintiffs in the *Pearson and Lemke* action is within the scope of the aforementioned indemnification agreement and K&M FIRE is required to defend, indemnify and to hold the third-party plaintiffs free

of and harmless from any liability or damages arising by reason of the occurrence alleged in the *Pearson and Lemke* action.

22.     At all times relevant, third-party defendant K&M FIRE was aware of the *Pearson and Lemke* action and demand was made upon it to undertake or participate in the defense of third-party plaintiffs but third-party defendant has failed or refused to acknowledge, undertake and perform its obligations and did not defend or indemnify third-party plaintiffs.

23.     By reason of the foregoing, defendants/third-party plaintiffs are exposed to potential liability to the plaintiff(s) in the *Pearson and Lemke* action, for the amount of any recovery had by plaintiff(s) in that action as well as for the cost of defense, including legal fees, expenses, and disbursements, incurred by third-party plaintiffs.

24.     The third-party defendant K&M FIRE has breached its duties under the provisions of said agreement including but not limited to its failure to acknowledge or perform its contractual obligations so as to jeopardize the third-party plaintiffs in violation of the agreement.

25.     That the third-party plaintiffs will be subject to hazard, peril and prejudice and will incur great expense due to said breach of the third-party defendant K&M FIRE.

26.     The third-party defendant K&M FIRE is liable to the third-party plaintiffs for any and all damages incurred by virtue of third-party defendant's breach of contract and judgment should be entered accordingly.

## AS AND FOR A SECOND CAUSE OF ACTION

27.     Third-party plaintiffs repeat and reallege each and every allegation in paragraphs number "1" through "26" with the same force and effect as if more fully set forth herein.

28.     That if the plaintiffs in the  sustained injuries or damages complained of in plaintiffs' complaint as a result of negligence of any other party other than the plaintiffs' own, such injuries resulted from the negligence, carelessness, recklessness, and/or statutory violations of the third-party defendant K&M FIRE, its agents, servants, contractors and/or their employees, and not as a result of any statutory violation, negligence or culpable conduct on the part of the third-party plaintiffs.

29.     By reason of the foregoing, if plaintiff(s) recover a verdict or judgment against the defendants/third-party plaintiffs, and if the plaintiff(s) found to have sustained "grave injuries" within the meaning of NY Workers' Compensation Law sec. 11, then defendants/third-party plaintiffs will be injured thereby and will be entitled to have judgment over and against the third-party defendant K&M FIRE for contribution for all or part of such verdict or judgment based upon apportionment of responsibility.

## AS AND FOR A THIRD CAUSE OF ACTION

30.     Third-party plaintiffs repeat and reiterate each and every allegation contained in Paragraphs "1" through "29" hereof as if more fully set forth at length herein.

31.     Without admitting any of the allegations of the complaint in the *Pearson and Lemke* action, any violation of applicable safety laws, regulations, requirements. negligence or other culpable conduct of the third-party defendant K&M

FIRE was active and primary and was the sole proximate cause of the alleged injuries and damages of the plaintiff(s), and the liability, if any, of the defendant/third-party plaintiffs for the happening of the occurrence alleged in the *Pearson and Lemike* action, which liability is specifically denied by third-party plaintiffs, was passive and secondary only.

32.     By reason of the foregoing, if plaintiff(s) recover a verdict or judgment against the defendants/third-party plaintiffs, and if the plaintiff(s) are found to have sustained "grave injuries" within the meaning of NY Workers' Compensation Law sec. 11, then defendants/third-party plaintiffs will be injured thereby and entitled to have judgment over and against and be indemnified and held harmless by the third-party defendant K&M FIRE for any damages alleged to have been sustained by the plaintiffs, based upon the common law, for the entire amount of any such verdict or judgment recovered by plaintiff(s), as well as attorneys' fees costs and expenses in defending this action on behalf of the defendant/ third-party plaintiffs.

### AS AND FOR A FOURTH CAUSE OF ACTION

33.     Third-party plaintiffs repeat and realleges each and every allegation in paragraphs number "1" through "32" with the same force and effect as if more fully set forth herein.

34.     Third-party defendant K&M FIRE agreed to procure liability insurance for the benefit of the third-party plaintiffs.

35.     Third-party plaintiffs previously demanded that the third-party defendant K&M FIRE acknowledge its obligations pursuant to the insurance procurement obligation of the subcontract agreement, but third-party defendant has refused and has continually failed to date to assume those contractual obligations.

36.     Third-party plaintiffs have suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of K&M FIRE to fulfill its obligations to obtain and provide insurance coverage pursuant to the agreement and insurance policies noted above, including, but not limited to the cost of the defense of the *Pearson and Lemke* action, the cost of settling that action or satisfying a judgment, the cost of the premiums paid by third-party plaintiffs for their own insurance, out-of- pocket costs incurred incidental thereto to and increases in future insurance premiums resulting from the present liability claim.

37.     Third-party defendant K&M FIRE is liable to the third-party plaintiffs for any and all damages incurred by virtue of third-party defendant's breach of contract and insurance obligations and judgment should be entered accordingly.

**WHEREFORE**, third-party plaintiffs demand judgment:

A.     Dismissing the Complaint of the plaintiffs in its entirety, or in the alternative, third-party plaintiffs demand judgment that third-party defendant is contractually liable to the  third-party plaintiffs to defend, indemnify and hold harmless the  third-party plaintiffs, which indemnification completely and totally encompasses each and every aspect of the allegations set forth in regard to the causes of action brought by plaintiffs and third-party plaintiffs, together with all attorneys' fees and disbursements, including costs of this action;

B.     Dismissing the Complaint of the plaintiffs in its entirety, or in the alternative, third-party plaintiffs demand judgment over and against the  third-party defendant for the full amount of any such verdict or judgment obtained by plaintiff(s), as well as all attorneys' fees and disbursements, including costs of this action;

C.     Dismissing the Complaint of the plaintiffs in its entirety, or in the alternative, third-party plaintiffs demands judgment over and against the third-party

defendant for that portion or percentage of any judgment obtained by plaintiff(s) which is determined to be caused or brought about by the acts, omissions or breach of agreement on the part of third-party defendant, as well as all attorneys' fees and disbursements, including costs of this action;

D.     Dismissing the Complaint of the plaintiffs in its entirety, or in the alternative, third-party plaintiffs demand judgment that third party defendant breached its obligations to third-party plaintiffs by failing to obtain the required insurance coverage protecting third-party plaintiffs with respect to all claims in regard to this action, and awarding to third-party plaintiffs the full amount of damages sustained thereby as well as all attorneys' fees and disbursements, including costs of this action and costs of procurement of other insurance coverage;

E.     That third-party plaintiffs be granted such other further and different relief and declarations of rights and legal limitation of the parties to this action as this Court deems just, proper and equitable.

Dated: Garden City, New York
         June 3, 2020

                                    Yours, etc.

                                    GERBER CIANO KELLY BRADY LLP

                                    _____/s/ James P. Gilroy_____
                                     JAMES P. GILROY (JG-3236)
                                    *Attorneys for Defendants*
                                    *MILL CREEK RESIDENTIAL TRUST, LLC*
                                    *MCRT NORTHEAST CONSTRUCTION, LLC,*
                                    *WATER GRANT STREET, LLC, and ALLEN*
                                    *BLVD INTERIORS, INC.*
                                    1325 Franklin Avenue, Suite 540
                                    Garden City, NY 11530
                                    516-307-0990
                                    jgilroy@gerberciano.com
                                    GCKB File No. 1257.0016

TO: EDELMAN & EDELMAN, P.C. Esqs.
   *Attorneys for Plaintiffs*
   61 Broadway, Suite 2220
   New York, New York 10006
   212.943.1200

   K & M FIRE PROTECTION SERVICES, INC.
   8 West Street
   Plantsville, CT  06479
   -And-
   c/o CT CORPORATION SYSTEM
   67 Burnside Ave.
   East Hartford, Ct 06108-3408


   *Via e-filing:*

   MCRT INVESTMENTS, LLC
   MILL CREEK CONSTRUCTION CORP.
   MAC-LAD CORP.